RATTET PASTERNAK, LLP
*Attorneys for the Debtor*
550 Mamaroneck Avenue, Suite 510
Harrison, New York 10528
(914) 381-7400
Jonathan S. Pasternak, Esq.
Julie Cvek, Esq.

*Hearing Date: April 11, 2012*
*Hearing Time: 2:00 p.m.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

HEATH GLOBAL, INC.,

          Debtor.
----------------------------------------------------------------X

Chapter 11
Case No. 12-10511 (SCC)

**DEBTOR'S MOTION AUTHORIZE AND APPROVE THE RETENTION
OF DIGITALDNA, LLC AS EXCLUSIVE BROKER FOR THE DEBTOR**

TO: THE HONORABLE SHELLEY C. CHAPMAN,
   UNITED STATES BANKRUPTCY JUDGE:

Heath Global, Inc, the above captioned debtor and debtor-in-possession (the "Debtor"), by its attorneys, Rattet Pasternak, LLP, files this motion (the "Motion") seeking entry of an order authorizing and approving the retention of DigitalDNA, LLC ("DigitalDNA") pursuant to the terms of the Brokerage Services Agreement and pursuant to §327(e) of the Bankruptcy Code. In support of this Motion, the Debtor respectfully represents:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This proceeding has been initiated pursuant to § 105(a), 365 and 327 of the

Bankruptcy Code.

## BACKGROUND

4. On February 8, 2012, (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Thereafter the Debtor's proceeding was referred to this Court for administration under the Bankruptcy Code.

5. The Debtor has continued as a Debtor-in-Possession pursuant to §1107 and 1108 of the Bankruptcy Code.

6. No trustee, examiner or creditors' committee has been heretofore appointed in this proceeding.

7. The Debtor is an internet company whose primary asset consists of ownership rights in the valuable domain name www.invest.com (the "Domain Name"). The Domain Name has a value significantly in excess of the secured debt still owed thereon in connection with its acquisition from an individual named Jim Magner.

8. Through this chapter 11 proceeding, the Debtor intends to actively and aggressively market its assets for sale through a competitive auction process which will maximize the value and return to all creditors including Mr. Magner. To that end, the Debtor wishes to retain DigitalDNA as its exclusive broker to market and sell the Domain Name in accordance with the terms of the Brokerage Service Agreement (the "Agreement") annexed hereto as **Exhibit A.**

## RELEIF REQUESTED AND BASIS FOR RELIEF

9. By this Motion, the Debtor seeks to authorize and approve the retention of the DigitalDNA pursuant to the terms of the Agreement pursuant to §327 of the Bankruptcy Code.

10. In accordance with the terms of the Agreement, the professional services which DigitalDNA, if retained, will provide to the Debtor include, but are not limited to:

(a) DigitalDNA shall be the exclusive broker for the marketing and sale of the Domain Name;

(b) DigitalDNA may retain Brian Taff, and other strategic third party brokers, to aid as an advisor to assist DigitalDNA in the development and exection of the marketing and sale process;

(c) DigitalDNA will market the Domain Name and solicit potential purchsers for the sale of the Domain Name in a professional manner;

(d) DigitalDNA shall communicate all offers to purchase the Domain Name and all counteroffers to the Debtor; and

(e) DigitalDNA shall exercise reasonable skill and care in its provision of the services and shall promote the interests of the Debtor with the utmost good faith, loyalty and fidelity.

11. DigitalDNA's compensation for the above services is set forth in detail in the Agreement, which is annexed hereto as **Exhibit A.**

12. To the best of the Debtor's knowledge, information and belief, DigitalDNA does not: (i) hold or represent an interest adverse to the Debtor's estate; (ii) have any connection with the Debtor, any of its creditors or parties in interest, or their respective attorneys and accountants; or (iii) have any connection with the United States Trustee or any person employed in the Office of the United States Trustee, except as may be set forth in the Declaration of Joshua S. Bourne, Managing Member of DigitalDNA, a copy of which is annexed hereto as **Exhibit B.**

13. Upon information and belief, DigitalDNA is a "disinterested person" as such term is defined in § 101(14) of the Bankruptcy Code, with respect to the Debtor and its estate. The employment of DigitalDNA as the Debtor's exclusive broker in this chapter 11 case is both necessary and in the best interests of the Debtor and its estates.

14. DigitalDNA will be paid for its marketing services in accordance with the Agreement at the conclusion of the projected sales closings, after approval of the sale by the Bankruptcy Court and collection of the proceeds of sale from the prospective purchaser at closing, and upon proper application pursuant to §§ 330 and 331 of the Bankruptcy Code.

### NOTICE

15. Notice of this Motion has been provided to (i) Office of the United States Trustee; and (ii) parties who have filed notices of appearance. The Debtor submits that said notice is adequate and proper.

**WHEREFORE,** the Debtor respectfully requests the entry of the pre-fixed Order authorizing and approving the retention of DigitalDNA as the Debtor's exclusive broker pursuant to the terms and conditions of the Brokerage Services Agreement, together with such other and further relief as the Court deems just and proper.

Dated: Harrison, New York
March 27, 2012

HEATH GLOBAL, INC.

By: */s/ Adam Perzow*
Adam Perzow, President