DELBELLO DONNELLAN WEINGARTEN
WISE & WEIDERKEHR, LLP
*Attorneys for the Debtor*
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

                                      Chapter 11
HEATH GLOBAL, INC.,                       Case No. 12-10511 (SCC)

                              Debtor.
-------------------------------------------------------------------X

## **PLAN OF REORGANIZATION**

Heath Global, Inc. proposes the following Chapter 11 Plan of Reorganization (the "Plan") pursuant to the provisions of chapter 11 of the Bankruptcy Code.

## **ARTICLE I**
## **DEFINITIONS**

For the purposes of this Plan, the following terms shall have the respective meanings set forth below (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires):

1.1    "Administrative Claims" shall mean all costs and expenses of administration of the chapter 11 case Allowed under Sections 503(b) or 330(a) of the Code and that are entitled to priority under Section 507(a)(2) which may include Claims pursuant to Section 506(c) of the Code.

1.2    "Allowed" shall mean that portion of a Claim or Interest that, (i) has been timely filed with the Bankruptcy Court and is liquidated in amount and has not been objected to; (ii) has

been listed by the Debtor in the Schedules as being neither contingent, unliquidated nor disputed; or (iii) has been allowed by a Final Order of the Bankruptcy Court.

1.3     "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of New York.

1.4     "Cash" shall mean legal tender of the United States of America or cash equivalents.

1.5     "Claim" is defined in Section 101(5) of the Code, and shall include, without limitation, any claims of whatsoever type or description against the Debtor, any claim for pre-Petition Date interest, post-Petition Date interest or contingent interest, any claim against the Debtor arising out of the rejection of executory contracts, any claim against the Debtor arising from the recovery of property under Sections 550 and 553 of the Code and any claim against the Debtor that does not arise until after the commencement of the chapter 11 case for a tax entitled to priority under Section 507(a) of the Code.

1.6     "Code" shall mean the Bankruptcy Code, Title 11 U.S.C. Section 101 et. seq. as amended from time to time and applicable to this case.

1.7      "Confirmation Date" shall mean the date upon which the Confirmation Order is entered by the Bankruptcy Court.

1.8     "Confirmation Order" shall mean the order of the Bankruptcy Court pursuant to Section 1129 of the Code confirming the Plan.

1.9     "Debtor" shall mean Heath Global, Inc.

1.10    "Disputed" shall mean a Claim or Interest, or any portion of a Claim or Interest, that is not Allowed and is not either disallowed under a Final Order or has not been withdrawn.

1.11    "Effective Date" shall mean the date upon which the Confirmation Order becomes a Final Order subject to and conditioned on any and all orders with respect to the Sale Agreement (as defined in Section 5.1 below) being final and non appealable.

1.12    "Final Order" shall mean an order or judgment which has not been stayed and as to which order or judgment the time to appeal or seek review or rehearing has expired and as to which no appeal, petition for review or rehearing is pending.

1.13    "Interest" shall mean the rights of the shareholder of the Debtor.

1.14    "Petition Date" shall mean February 8, 2012.

1.15    "Plan" shall mean this Amended Chapter 11 Plan of Reorganization and any amendments hereto or modifications hereof made in accordance with the provisions of the Code.

1.16    "Plan Funder" shall mean Jay Firestone.

1.17    "Priority Claim" shall mean a Claim, other than an Administrative Claim, that is entitled to priority under Section 507 of the Code.

1.18    "Secured Claim" shall mean a Claim that is secured by a lien on property of the Debtor's estate in accordance with Section 506(a) of the Code.

1.19    "Schedules" shall mean the schedules of assets and liabilities and the statement of financial affairs filed by the Debtor as required by Section 521 of the Code and Bankruptcy Rule 1007, and all amendments thereto.

1.20    "Unsecured Claim" shall mean any Claim that is not an Administrative Claim, Priority Claim or Secured Claim, including, without limitation, Claims based upon pre-Petition Date trade accounts payable or Claims based upon the rejection of an executory contract during the pendency of the chapter 11 case.

# ARTICLE II
# DESIGNATION OF CLAIMS AND INTERESTS

All holders of Claims and Interests against the Debtor, of whatever nature, whether or not scheduled or liquidated, absolute or contingent, whether Allowed or not, shall be bound by the provisions of the Plan and are hereby classified as follows:

**Class 1:** shall consist of all Allowed Non-Tax Priority Claims.

**Class 2:** shall consist of all Allowed Unsecured Claims.

**Class 3:** shall consist of all Allowed Interests in the Debtor.

In accordance with Section 1123(a)(1) of the Code, Administrative Claims and Priority Tax Claims have not been classified and thus are excluded from the foregoing Classes.

## ARTICLE III - TREATMENT OF CLAIMS UNDER THE PLAN

**3.1 Satisfaction of Claims.** The treatment of and consideration to be received by holders of Allowed Claims shall be in full satisfaction, release and discharge of their respective Claims against the Debtor.

a) <u>Allowed Administrative Claims other than Claims of Professionals:</u> These Allowed Claims shall be paid in the ordinary course and according to the terms and conditions of the respective contracts with respect to those Claims unless the holder of such Claim agrees to other treatment.

b) <u>Allowed Administrative Claims of Professionals</u>: Allowed Administrative Claims of Professionals shall be paid in full, in Cash, on the later of (a) allowance by the Court pursuant to Section 330 of the Code or (b) on the Effective Date.

c) <u>United States Trustee's Fees</u>: Under the Plan, all United States Trustee statutory fees arising under 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717 shall be paid in full, in Cash, in such amount as they are incurred in the ordinary course of business by the Debtor. The Debtor shall be responsible for the payment of United States Trustee quarterly fees through the entry of a final decree closing the chapter 11 case.

d) <u>Allowed Priority Tax Claims</u>: Allowed Priority Claims, including such Claims pursuant to 11 U.S.C. Section 507(a)(8), if any, shall be paid in full, in Cash, on the Effective Date. The Debtor believes there are no such Claims.

**3.2** **Class 1:** Holders of Allowed Non-Tax Priority Claims, if any, shall be paid in full, in Cash, on the Effective Date. The Allowed Class 2 Claims are unimpaired under this Plan and thus the holders of such Claims are not entitled to vote.

**3.3** **Class 2:** Holders of Allowed Unsecured Claims, including the Allowed Claims of Jim Magner, if applicable, shall each receive 50% distribution on account of Allowed Class 2 Unsecured Claims, in Cash on or shortly after the Effective Date. Allowed Class 2 Claims are impaired under this Plan and holders of such Claims shall be entitled to vote.

**3.5** **Class 3:** Class 3 Interests shall be cancelled under the Plan and reissued to the Plan Funder in consideration of its funding of all distributions required under the Plan. The holder of the Class 3 Interest is impaired and deemed to reject this Plan and thus not entitled to vote.

**3.6 Presumed Acceptance of the Plan**. Class 1 is deemed unimpaired under the Plan, and, therefore, is deemed to accept the Plan under Section 1126(f) of the Bankruptcy Code.

# ARTICLE IV
# MEANS FOR EXECUTION

**4.1** **Distributions of Cash**. Except as otherwise provided in the Plan, including without limitation Article VIII of this Plan, the Cash required to be first distributed to holders of Allowed Claims under the Plan shall be distributed by the Debtor within ten (10) days after the Effective Date, except that to the extent that a Claim becomes an Allowed Claim after the Effective Date, within ten (10) days after the order allowing such Claim becomes a Final Order.

**4.2** **Means For Implementation**. The Plan shall be funded by the Plan Funder on the Effective Date.

# ARTICLE V
# EXECUTORY CONTRACTS

**5.1** **Assumption**. On the Effective Date all executory contracts and unexpired leases to which the Debtor is a party shall be deemed assumed. To the extent that the Court declares that the Domain Name Sale Agreement dated March 2011 between the Debtor and Jim Magner (the "Sale Agreement") is an executory contract in the pending Adversary Proceeding No. 12-01664, the Sale Agreement shall be deemed assumed as of the Effective Date, and the Debtor shall cure all pre-Petition Date and post-Petition Date defaults under the Sale Agreement, in Cash, on the later of (a) Effective Date or (b) final allowance of Magner's cure Claim under Section 365(b) of the Bankruptcy Code. Jim Magner shall file a statement of cure Claim with the Bankruptcy Court no later than 30 days after the Confirmation Date. In the event that Magner timely fails to file such Claim, Magner's cure Claim shall be deemed Allowed in the amount of $1,975,000 with no interest, no attorney's fees or costs thereon. In no event however shall Magner be entitled to *both* an Allowed Class 2 and cure Claim in the chapter 11 case.

Immediately upon payment of the Allowed Claim of Magner as determined by the Bankruptcy Court, regardless of its classification as, *inter alia*, an Allowed Class 1 Claim or an Allowed Executory Contract cure Claim, Magner shall be (1) compelled, authorized and directed to (a) direct Escrow.com to release the invest.com domain name to the Debtor and (b) otherwise fully and immediately perform under the Sale Agreement and (2) deemed to have forever waived and released any and all Claims, interests, ownership or causes of action relating to the invest.com domain name or against the Debtor.

In the event that Magner fails to direct Escrow.com to release the invest.com domain name to the Debtor, the Debtor shall be authorized on behalf of Magner to make such direction and demand.

## ARTICLE VI

**6.1** **Cure of Defaults.** To the extent that the Court declares in the pending Adversary Proceeding No. 12-01664 that the Sale Agreement is an agreement that may be cured under applicable non-bankruptcy law pursuant to Sections 108(b)(1) or 365 of the Bankruptcy Code or any other applicable law including but not limited to a cure payment being made prior to termination of the Sale Agreement, the Debtor shall cure all outstanding defaults under the Sale Agreement on the Effective Date. Jim Magner shall file a statement of cure Claim with the Bankruptcy Court no later than 30 days after the Confirmation Date. In the event that Magner timely fails to file such Claim, Magner's cure Claim shall be deemed Allowed in the amount of $1,975,000 with no interest, attorney's fees or costs thereon. In no event however shall Magner be entitled to *both* an Allowed Class 2 *and* a cure Claim under either section 365 or 108(b)(1) or other applicable designation as may be declared in the Chapter 11 case.

Immediately upon payment of the Allowed Claim of Magner as determined by the Bankruptcy Court, regardless of its classification as, *inter alia*, an Allowed Class 1 Claim or an Allowed Section 108(b)(1) cure Claim, Magner shall be (1) compelled, authorized and directed to (a) direct Escrow.com to release the invest.com domain name to the Debtor and (b) otherwise fully and immediately perform under the Sale Agreement and (2) deemed to have forever waived and released any and all Claims, interests, ownership or causes of action relating to the invest.com domain name or against the Debtor.

In the event that Magner fails to direct Escrow.com to release the invest.com domain name to the Debtor, the Debtor shall be authorized on behalf of Magner to make such direction and demand.

## ARTICLE VII
## GENERAL AND MISCELLANEOUS PROVISIONS

**7.1** **Modification of the Plan**. The Debtor reserves the right to amend or modify the Plan in accordance with Section 1127 of the Code.

**7.2** **Article and Section References.** Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to the Plan. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions of the Plan. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

**7.3** **Payment Dates.** If any payment or act under the Plan is required to be made or falls on a date which shall be a Saturday, Sunday or a legal holiday, the making of such payment or performance of such act may be completed on the next succeeding business day, and shall be

deemed to have been completed timely. Any payment required under the Plan shall be deemed to have been paid on the date when such payment is mailed.

    **7.4** **Notices.** Any notices to be forwarded under the Plan shall be in writing and sent by certified mail, return receipt requested, postage pre-paid; or by overnight mail or hand delivery, addressed as follows:

| | |
|---|---|
| If to the Debtor: | Mr. Adam Perzow<br>5150 Macdonald Ave #202<br>Cote St Luc, Quebec, Canada<br>H3X 2V7 |
| with a copy to:<br>Counsel for the Debtor | DelBello Donnellan Weingarten<br>Wise & Wiederkehr, LLP<br>One North Lexington Ave.<br>White Plains, New York 10601<br>Attn: Jonathan S. Pasternak, Esq.<br>And Erica Feynman Aisner, Esq. |

The Debtor may designate in writing any other address for purposes of this section, which designation shall be effective upon receipt.

    **7.5** **Enforceability.** Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability or operative effect of any and all other provisions of the Plan.

    **7.6** **Applicable Law.** Except to the extent that the Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of New York, except to the extent that other provisions of Federal law are applicable.

    **7.7** **Successors and Assigns.** The rights and obligations of any entity named or referred to in the Plan shall be binding upon, and inure to the benefit of, the successors and

assigns of such entity.

**7.8  Reservation of Rights.**  Neither the filing of this Plan, nor any statement or provision contained herein, shall be or be deemed to be an admission against interest. In the event that the Effective Date does not occur, neither this Plan nor any statement contained herein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of this chapter 11 case.

**7.9  U.S. Trustee Fees and Post Confirmation Reports.** The Debtor shall be responsible for filing post-Confirmation Date reports with the Bankruptcy Court, and shall pay all quarterly fees required under 28 U.S.C. Section 1930 and applicable interest under 31 U.S.C. Section 3717, until the earlier of (a) conversion or dismissal of the Chapter 11 Case or (b) entry of a final decree closing the Chapter 11 Case.

## ARTICLE VIII
## RESOLUTION OF DISPUTED CLAIMS & RESERVES

**8.1 Objections**.  An objection to either the allowance of a Claim or an amendment to the Debtor's Schedules shall be in writing and may either be filed with the Bankruptcy Court or pursued and resolved by other means by the Debtor at any time on or before the Effective Date, subject to an extension of such deadline by the Bankruptcy Court, for cause.

.   **8.2 Amendment of Claims**.  A Claim may be amended after the Confirmation Date only as agreed upon by the Debtor and the holder of such Claim and as approved by the Bankruptcy Court or as otherwise permitted by the Code and Bankruptcy Rules.

**8.3 Reserve for Disputed Claims**.  The Debtor shall reserve, in a separate account, held in trust for distribution pursuant to this Section, on account of each holder of a Disputed Claim,

in Cash, the amount that would otherwise be distributable on such date and thereafter to such holder were such Disputed Claim an Allowed Claim on the Effective Date. The Cash so reserved for the holder of such Disputed Claim shall be distributed as provided in Section 4.1 hereof after such Disputed Claim becomes an Allowed Claim, in the amount allocable under Section 3 hereof to such Allowed Claim. The holder of a subsequently Allowed Claim shall not be entitled to any interest on the Allowed Claim, regardless of when distribution thereon is made to or received by such holder.

## ARTICLE IX
## EFFECT OF CONFIRMATION, DISCHARGE, SURRENDER AND CANCELLATION OF CLAIMS

**9.1 Vesting of Property.** On the Confirmation Date, title to and possession of any and all property of the Debtor's estate shall be re-vested in the reorganized Debtor free and clear of all liens, claims, interests and encumbrances of any kind, subject to and except as otherwise provided in the Plan.

**9.2 Discharge Granted Under Plan.** The Debtor shall receive a discharge in the Confirmation Order, which shall be governed by Code Section 1141(d)(1).

**9.3 Releases.** The consideration distributed under the Plan shall be in exchange for, and in complete satisfaction and release of, all Claims of any nature against the Debtor, the reorganized Debtor or any of the assets of the estate.

**9.4 Exculpation**. *Neither the Debtor nor any of its interest holders, officers, directors, employees, attorneys, advisors, agents, representatives and assigns (the "Released Parties") shall have or incur any liability to any entity for any action taken or omitted to be taken in*

*connection with or related to the formulation, preparation, dissemination, confirmation or consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with this chapter 11 case or the Plan except with respect to its obligations under the Plan, with the exception of any such act or omission taken in bad faith, willful misconduct, gross negligence, breach of fiduciary duty, malpractice, fraud, criminal conduct, unauthorized use of confidential information that causes damages, and/or ultra vires acts. Notwithstanding any other provision hereof, nothing contained in this Section shall (a) effect a release of any claim by the United States Government or any of its agencies or any state and local authority whatsoever, including, without limitation, any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Released Parties, nor shall anything in this section enjoin the United States or any state or local authority from bringing any claim, suit, action or other proceedings against any Released Party referred to herein for any liability whatever, including, without limitation, any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority, nor shall anything in this Plan exculpate any party from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including liabilities arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Parties referred to herein, or (b) limit the liability of the Debtor's professionals pursuant to Rule 1.8(h)(1) of the New York Rules of Professional Conduct.*

**9.5 Confirmation Injunction.** *Except for the treatment specified in, and as otherwise expressly provided in the Plan, any and all entities who have held, hold or may hold Claims or Interests, including Administrative Claims, against or in the Debtor shall, as of the Effective Date, be enjoined from:*

*(a) commencing, conducting, or continuing, in any manner, any suit, action, or other proceeding of any kind (including, without limitation, in any judicial, arbitral, administrative or other forum) against the Debtor or reorganized Debtor with regard to such entity's Claim against the Debtor;*

*(b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collection or otherwise recovering by any manner or means, whether directly or indirectly, or any judgment, award, decree, or order against the Debtor or reorganized Debtor with regard to such entity's Claim against the Debtor;*

*(c) creating, perfecting or otherwise enforcing, in any manner, directly or indirectly, any encumbrance of any kind against the Debtor or reorganized Debtor, the property of the Debtor or reorganized Debtor, or any successor-in-interest to the Debtor or reorganized Debtor with regard to such entity's Claim against the Debtor;*

*(d) asserting any set off, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the Debtor, the property of the Debtor, or any successor-in-interest to the Debtor with regard to such entity's Claim against the Debtor; and*

*(e) acting in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.*

# ARTICLE X
# DISTRIBUTIONS AND UNCLAIMED PAYMENTS

Except as otherwise provided herein, in the event any claimant fails to claim any distribution hereunder within 120 days from the date of such distribution, such claimant shall forfeit all rights thereto, and to any and all future payments, and thereafter the Claim for which such Cash was distributed shall be treated as a disallowed Claim. Distributions to Claimants entitled thereto shall be sent to their last known address set forth on a proof of claim filed with the Bankruptcy Court or, if no proof of claim is filed, on the Schedules filed by the Debtor or to such other address as may be later designated by a creditor in writing to the Debtor. The Debtor shall use its best efforts to obtain current addresses for all claimants. All unclaimed cash shall be returned to the reorganized Debtor.

# ARTICLE XI
# EVENTS OF DEFAULT

11.1  An event of default shall occur if the Debtor shall fail to make any payment when due under the Plan or shall fail to comply with any other material terms of this Plan, and written notice of same has been provided to the Debtor, the Debtor's bankruptcy counsel and the Bankruptcy Court.

11.2 Following an event of default, if such default has not been cured within ten (10) days thereafter, any holder of a Claim, payment of which is in default, shall have the right to (a) accelerate and demand payment due to such holder under the Plan; and/or (b) commence an action against the Debtor in the Bankruptcy Court or United States District Court to compel payment or otherwise to enforce the default.

# ARTICLE XII
# RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction of this chapter 11 case:

(a)  To determine all controversies relating to or concerning the allowance of and/or distribution on account of Claims or Interests upon objection thereto, including the estimation of any Claim under Section 502(c) of the Code;

(b)  To determine requests for payment of Claims entitled to priority under Section 507(a)(2) of the Code, including any and all applications for compensation for professional fees and expenses;

(c)  To determine any and all applications, adversary proceedings, and contested or litigated matters over which the Bankruptcy Court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 157 and 1334;

(d)  To determine all disputed, contingent or unliquidated Claims;

(e)  To determine requests to modify the Plan pursuant to Section 1127 of the Code or to remedy any defect or omission or reconcile any inconsistencies in this Plan or Confirmation Order to the extent authorized by the Code;

(f)  To make such orders as are necessary or appropriate to carry out the provisions of, and to enforce, the Plan;

(g)  To resolve controversies and disputes regarding the interpretation or enforcement of the terms of the Plan; and

(h)  To enter a final decree closing this chapter 11 case.

Dated:  New York, New York
        June 13, 2014

| | |
|---|---|
| HEATH GLOBAL, INC. | DELBELLO DONNELLAN WEINGARTEN WISE & WEIDERKEHR, LLP<br>*Attorneys for the Debtor* |
| By: */s/ Adam Perzow*<br>   Adam Perzow, President | By: */s/ Jonathan S. Pasternak*<br>   Jonathan S. Pasternak<br>   One North Lexington Ave.<br>   White Plains, New York 10601<br>   (914) 681-0200 |