UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                   Case No. 12-10511 (SCC)

HEATH GLOBAL, INC.,                                     Chapter 11

Debtor.
---------------------------------------------------------x

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is entered into as of this 3rd day of September, 2014 by and among Heath Global, Inc., Jim Magner and Adam Perzow (each, a "Party" and collectively, the "Parties").

## BACKGROUND

WHEREAS, on February 8, 2012, Heath Global, Inc. (the "Debtor") commenced a voluntary case (the "Bankruptcy Case") under Chapter 11 of the Bankruptcy Code under the caption referenced above;

WHEREAS, prior to the filing of the Bankruptcy Case, the Debtor and Jim Magner ("Mr. Magner") had entered into a Domain Name Sale Agreement (the "Sale Agreement") pursuant to which Mr. Magner agreed to sell to the Debtor a certain internet domain name (the "Domain Name") at an agreed price to be paid in installments over time. In connection with the Sale Agreement, Mr. Magner, the Debtor and Escrow.com (the "Escrow Agent") entered into an Escrow Agreement (the "Escrow Agreement") to escrow the Domain Name, among other things, until the completion of the sale transaction contemplated under the Sale Agreement;

WHEREAS, the Debtor failed to make the required payments under the Sale Agreement that were due on February 1, 2012;

WHEREAS, on February 2, 2012, a notice of default was sent to the Debtor and the Escrow Agent on behalf of Mr. Magner, demanding the termination of the Sale Agreement and the return of the Domain Name to him from escrow;

WHEREAS, upon the filing of the Bankruptcy Case, the Debtor claimed that the Sale Agreement had not been terminated, and as a result, it could still cure its defaults;

WHEREAS, Mr. Magner filed an Adversary Proceeding in the Bankruptcy Case (Docket No. 12-01664, the "Adversary Proceeding"), seeking, among other things, a declaration that the Debtor had no further rights under the Sale Agreement;

WHEREAS, the Debtor filed a motion to dismiss the Adversary Proceeding, and Mr. Magner filed a cross-motion for summary judgment;

WHEREAS, on or about October 25, 2012, the Bankruptcy Court read its decision from the Bench, granting Mr. Magner's motion for summary judgment and denying the Debtor's motion to dismiss, premised on a finding that the Sale Agreement was an option contract that terminated when the option lapsed by the passage of time;

WHEREAS, the Debtor appealed the Bankruptcy Court's decision granting summary judgment to Mr. Magner in the Adversary Proceeding;

WHEREAS, on appeal, the District Court reversed the finding that the Sale Agreement was an option contract, and remanded the case back to the Bankruptcy Court for further proceedings in accordance with the District Court's decision.

WHEREAS, Mr. Magner, on remand, was granted leave to amend the complaint in the Adversary Proceeding and file a new motion for summary judgment;

WHEREAS, Mr. Magner amended the complaint and refiled for summary judgment, and the Debtor cross moved for summary judgment;

WHEREAS, the Bankruptcy Court granted Mr. Magner's new motion for summary judgment and denied the Debtor's cross motion as reflected in the transcript of the hearing held on June 11, 2014, and the subsequent Order entered on June 20, 2014;

WHEREAS, the Debtor appealed the Order entered on June 20, 2014 (the "June 20 Order"), which appeal has been docketed with the District Court (Docket No. 14-5479, the "Pending Appeal");

WHEREAS, pursuant to an Order entered on February 14, 2014, the Debtor was required to file a plan of reorganization on or before June 16, 2014;

WHEREAS, the Debtor filed a Plan of Reorganization on or about June 13, 2014;

WHEREAS, Mr. Magner filed a Motion to dismiss the Bankruptcy Case on grounds, among others, that the Debtor's plan was unconfirmable as a matter of law because it was premised on a purported right to cure and assume the Sale Agreement that the Bankruptcy Court had ruled the Debtor did not have any more, and because the Debtor had not provided any indication that it had funds to finance its purported plan;

WHEREAS, the Debtor filed a First Amended Plan of Reorganization ("Amended Plan") on or about July 7, 2014;

WHEREAS, the Debtor sought a stay of the June 20 Order pending its appeal before the District Court, but the Bankruptcy Court at a hearing on July 23, 2014, denied the request;

WHEREAS, the Debtor renewed its application for a stay of the June 20 Order before the District Court, but the District Court also denied the request in an Order dated August 21, 2014;

WHEREAS, on August 27, 2014, at the confirmation hearing on the Amended Plan, the Debtor admitted that it had not yet secured a firm financing commitment for the Amended plan and sought a short adjournment to September 3, 2014;

WHEREAS, the Court, pursuant to an order entered on August 27, 2014, extended the deadline by which the Debtor must confirm its Amended Plan until September 3, 2014;

WHEREAS, the Debtor, the Debtor's sole shareholder and principal, Adam Perzow, and Mr. Magner (collectively, the "Litigation Parties") desire to end all the litigation that has arisen as a result of the Sale Agreement, the filing of the Bankruptcy Case, the Adversary Proceeding and the Amended Plan;

WHEREAS, the Bankruptcy Court adjourned the Debtor's pending motion to confirm the Amended Plan and Mr. Magner's pending motion to dismiss the Bankruptcy Case to September 3, 2014;

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto, intending to be legally bound, agree as follows:

1. The Parties hereby acknowledge and agree that the foregoing Recitals are true and correct and are incorporated herein by reference.

2. <u>Settlement Terms</u>. The parties' hereby agree to the following settlement terms:

(i) Mr. Magner hereby grants the Debtor an irrevocable option (the "Option") to purchase the Domain Name for Two Million Five Hundred Thousand Dollars ($2,500,000.00) (the "Purchase Price") at any time between the date hereof and 5:00 pm Eastern Time on November 3, 2014 (the "Expiration Date"). To exercise the Option, the Debtor must pay the Purchase Price by wire transfer to the client trust account of Seller's counsel, McCarter & English, LLP (the "Trust Account"), by the Expiration Date, time being of the essence. Seller will provide Buyer with wire instructions for such account within three (3) business days of the full execution of this

Agreement (the "Wire Instructions"). If Buyer fails to pay the Purchase Price in a timely manner in accordance with the foregoing, the Option will expire without notice or any other type of action on the part of Buyer or Seller, and Buyer will have no further right to purchase the Domain Name.  In such event, Buyer will have no liability to Seller for failing to make payment and the sole consequence of such failure will be Seller's loss of the right to purchase the Domain Name.

      (ii) Mr. Magner represents and warrants that, to the best of his knowledge, upon Debtor's proper and timely exercise of the Option in accordance with this Agreement, title to the Domain Name will pass to the Debtor (or its assignee) free and clear of all liens, claims and encumbrances.

      (iii) Automatically upon Seller's receipt of the Purchase Price in the Trust Account, all right, title and interest in and to the Domain Name and all worldwide intellectual property and other proprietary rights and interests of any kind associated therewith, whether protected, created or arising under any applicable law (common, statutory or otherwise), rule, regulation, ordinance or decree, including, without limitation, all trademark and service mark rights associated with the Domain Name, will pass to Buyer.

      (iv) The Debtor may assign the Option to any person or entity that makes full and timely payment of the Purchase Price in accordance with the terms hereof, such assignment being effective upon the Debtor's notice to Mr. Magner in conjunction with timely receipt of the Purchase Price in the Trust Account.  Other than pursuant to the preceding sentence, neither party may assign this Agreement in whole or in part without the prior written consent of the other party.  This Agreement will be binding on and inure to the benefit of the Parties and their successors and permitted assigns.

(v) Escrow.com will retain possession and control of the title and registration for the Domain Name (the "Registration") in trust for the benefit of Mr. Magner and the Debtor until the Option is properly exercised or expires in accordance with this Agreement, whichever occurs first. If no payment is made and received by the Expiration Date, the Debtor hereby authorizes Escrow.com to transfer the title and the Registration to Mr. Magner upon notification by Mr. Magner via email to Escrow.com (with copy to the Debtor) that the Purchase Price has not been paid which notice must be accompanied by a signed statement from Mr. Magner's counsel, Eduardo Glas of McCarter & English, certifying that the Purchase Price was not paid by the Expiration Date (the "Counsel Certificate"). In such event, any and all outstanding fees due to Escrow.com are the responsibility to the Debtor. Conversely, if the Purchase Price is paid by the Expiration Date, Mr. Magner hereby authorizes Escrow.com to transfer the Registration to the Debtor or any person or entity designated by the Debtor upon notification by the Debtor via email to Escrow.com (with copy to Mr. Magner), which notice must be accompanied by a signed statement of Jonathan Pasternak, Esq., attorney for the Debtor, certifying that the Purchase Price was paid and received.

(vi) Immediately upon the execution of this Agreement, the Debtor shall (a) dismiss the Pending Appeal, with prejudice and (b) shall be deemed to have waived all rights to appeal the decisions of the Bankruptcy Court and/or the District Court in connection with the Adversary Proceeding;

(vii) Adam Perzow shall acknowledge in open court, under oath, at the hearing before the Bankruptcy Court on September 3, 2014, that he, as an individual, has no rights or claims under the Sale Agreement and the Escrow Agreement, and that only the Debtor and, not he, as an

individual, was a party to those two agreements, and that he executed those two agreements only on behalf of the Debtor as a corporate representative;

3. <u>Consequences For Failure or Inability of the Debtor to Exercise the Option or Comply with Other Obligations under this Agreement</u>. In the event it is unable to exercise the Option, the Debtor hereby agrees to the following: (a) Mr. Magner will be granted immediate relief from the automatic stay without any need to apply to the Bankruptcy Court for such relief; (b) the Sale Agreement will be deemed automatically terminated without regard to any notice requirements under the Sale Agreement or the Escrow Agreement; (c) the Debtor will not interfere or object to the release and return to Mr. Magner of the Domain Name from escrow, (d) the Debtor consents to Escrow.com's immediate transfer of the title and Registration to Mr. Magner upon Mr. Magner's notification to Escrow.com and provision of the Counsel Certificate as set forth in Section 2(v) in this Agreement; (e) any rights that the Debtor may have had under the Sale Agreement are not property of the Debtor's estate in the Bankruptcy Case; and (f) the Debtor will not object or contest the lifting of the automatic stay in favor of Mr. Magner, and the Debtor also agrees to waive any right to appeal such decisions.

4. <u>Releases</u>. The Debtor and Adam Perzow hereby release Mr. Magner from any and all causes of action, suits, liabilities, debts, damages, controversies, agreements, trespasses, judgments, executions, demands and claims of any nature whatsoever, whether in law or in equity, whether known or unknown, including any claim to attorneys' fees and/or costs in connection with the Sale Agreement, the Escrow Agreement, the Adversary Proceeding and/or otherwise arising out of or relating to the Debtor's bankruptcy case and any and all rights, duties, liabilities and obligations, whether presently enforceable or enforceable in the future, by reason of any matter or cause whatsoever from the beginning of time to the date of their execution of

7

this Agreement, which arise out of or are in any way connected with the Sale Agreement and/or the Escrow Agreement.  Mr. Magner hereby releases the Debtor and Adam Perzow from any and all causes of action, suits, liabilities, debts, damages, controversies, agreements, trespasses, judgments, executions, demands and claims of any nature whatsoever, whether in law or in equity, whether known or unknown, including any claim to attorneys' fees and/or costs in connection with the Sale Agreement, the Escrow Agreement, the Adversary Proceeding and/or otherwise arising out of or relating to the Debtor's bankruptcy case, and any and all rights, duties, liabilities and obligations, whether presently enforceable or enforceable in the future, by reason of any matter or cause whatsoever from the beginning of time to the date of his execution of this Agreement, which arise out of or are in any way connected with the Sale Agreement and/or the Escrow Agreement.

5. <u>Bankruptcy Court Approval of the Settlement</u>.  This Agreement is conditioned upon the approval of the Bankruptcy Court.  If the Bankruptcy Court does not approve the Agreement, the Parties will be returned to the positions they were in immediately prior to the date of execution of this Agreement as if it were never executed.

6. <u>Governing Law; Jurisdiction</u>. This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York without giving effect to principles of conflicts of laws that would require the application of laws of another jurisdiction.  All disputes, claims, controversies and causes of action arising out of or relating to this Agreement will be brought and heard exclusively in the United States Bankruptcy Court for the Southern District of New York and any appellate courts having jurisdiction over appeals from such court.  The Parties hereby irrevocably submit to the personal and subject matter jurisdiction of such courts and waive all claims that such courts constitute an inconvenient, inappropriate or

otherwise improper venue or forum. The Bankruptcy Court shall retain jurisdiction over the terms, intent, provisions, implementation and enforcement of this Agreement.

7. <u>Entire Agreement; Agreement to be Construed as a Whole</u>: This Agreement contains the entire understanding between the Parties as to all matters referred to herein. No other representations, covenants, undertakings, or prior or contemporaneous agreements, whether oral or written, regarding any matters that are not specifically contained in and incorporated in this Agreement, shall be deemed to have any effect or binding impact upon the Parties. This Agreement has been jointly negotiated by the Parties and is agreed to by the Parties. The language of this Agreement shall be construed as a whole according to its fair meaning and in accordance with its purpose and without regard to whom may have drafted any particular provision herein.

8. <u>Counterparts</u>: This Agreement may be executed in any number of counterparts and by facsimile, all of which taken together shall constitute one and the same instrument, and any of the Parties may execute this Agreement by signing any such counterpart, provided that this Agreement shall not become effective until all Parties have executed the same.

9. <u>Amendments or Modifications</u>: This Agreement may only be amended or modified by a writing signed by all Parties. No waiver of any breach of this Agreement shall be construed as an implied amendment or agreement to amend or modify any provisions of this Agreement. Any notices required or contemplated herein shall also be in writing.

10. <u>Agreement Supported by Consideration; No Duress</u>: The Parties agree, covenant, represent, and warrant that this Agreement is supported by consideration and that this Agreement is being entered into knowingly, voluntarily, without mental reservation, with no purpose of

evasion, and with the intent to be legally bound hereby, without coercion of any kind, in part to remove the uncertainty and expenses of additional negotiations and further or possible future litigation and with an adequate opportunity for and the actual benefit of the assistance and advice of legal counsel.

11. Nonreliance: Each Party expressly assumes any and all risk that the facts and law may be or become different from the facts and law as known to, or believed to be, by the Parties as of the date of this Agreement, and no Party has relied upon any information supplied by the other or its counsel, or upon any obligation or alleged obligation of the other Party or its counsel to disclose information relevant to this Agreement.

12. Acknowledgment of Legal Advice:  The Parties acknowledge and agree that they enter into this Agreement after consultation with their attorneys, that their attorneys have explained the terms of this Agreement, and that they fully understand and voluntarily accept the terms of this Agreement.

13. Rule of Construction:  The Parties and their respective counsel have reviewed this Agreement and acknowledge and agree that any rule of construction that would require an ambiguity, if any, in this Agreement to be construed against the drafter shall not be employed in the interpretation of this Agreement.

14. Necessary Acts; Further Assurances:  The Parties shall, at their own cost and expense, execute and deliver such further documents and instruments and shall take such other actions as may be reasonably required or appropriate to evidence or carry out the intent and purposes of this Agreement or to show the ability to carry out the intent and purposes of this Agreement, including without limitation any action required to be taken with the Internal

Revenue Service or applicable state department of revenue. In no event shall any Party unreasonably refuse to perform such acts.

15. <u>Severability</u>:  If any term or other provision of this Agreement is determined to be invalid, illegal or incapable of being enforced by any rule or law, or public policy, all other conditions and provisions of this Agreement shall nevertheless remain in full force and effect so long as the economic or legal substance of this Agreement is not affected in any manner materially adverse to any Party.  Upon such determination that any term or other provision is invalid, illegal or incapable of being enforced, the Parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the Parties as closely as possible in an acceptable manner to the end that the Settlement contemplated hereby is fulfilled.

16. <u>Attorneys' Fees and Other Expenses</u>:  Notwithstanding anything herein to the contrary, each Party shall be responsible for its own fees, costs and expenses, including attorneys' fees, costs and expenses incurred by it (a) in connection with enforcing or protecting its rights under the Sale Agreement and/or the Escrow Agreement, (b) in connection with the Adversary Proceeding, and/or (c) otherwise arising out of or relating to the Bankruptcy Case.

IN WITNESS WHEREOF, the Parties have executed and delivered this Agreement as of the date written above.

Heath Global, Inc.

By: /s/ Adam Perzow

Name: Adam Perzow

Title: President

*/s/ Adam Perzow*
Adam Perzow, as individual

*/s/ Jim Magner*
Jim Magner